```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MEDI-HUT, CO., INC.,                                        :
                                                            :    **SUMMARY ORDER ADOPTING**
                          Plaintiff,                        :    **REPORT AND RECOMMENDATION**
                                                            :
           -against-                                        :    03-CV-2387 (DLI) (RML)
                                                            :
SYNTHO PHARMACEUTICALS, INC.,                               :
MUHAMMED MALIK, BRECKENRIDGE                                :
PHARMACEUTICAL, INC., LARRY                                 :
RUNSDORF, SCOTT SCHRADER,                                   :
SCHRADER & ASSOCS., INC., MEDPHARM                          :
CORP., and INTERMAX                                         :
PHARMACEUTICALS, INC.,                                      :
                                                            :
                          Defendants.                       :
                                                            :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, U.S. District Judge:**

The Court has reviewed the objections of defendants Syntho Pharmaceuticals, Inc. ("Syntho") and Muhammed Malik ("Malik," together with Syntho, the "Syntho Defendants") to the Report and Recommendation ("R&R") issued on October 17, 2011 by the Honorable Robert M. Levy, U.S. Magistrate Judge, recommending that a default judgment be entered against Syntho based on its failure to appear through an attorney. (*See* Defs.' Objection, Doc. Entry No. 279; Reply, Doc. Entry No. 285; Report and Recommendation, Doc. Entry No. 274.) The Syntho Defendants objected and Plaintiff opposed. The Court incorporates herein the R&R and assumes the parties' familiarity with the lengthy history of this case. For the reasons set forth below, the R&R is adopted in full.

**STANDARD OF REVIEW**

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. *See* Fed. R. Civ. P. 72(b);

1

*United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673-76 (1980).

## DISCUSSION

The only issue before the Court is whether to adopt the magistrate judge's recommendation that a notation of default be entered against Syntho based on Syntho's failure to appear through an attorney, despite being warned several times that failure to do so would result in severe sanctions. It should be noted that Syntho ultimately did retain an attorney, who appeared in this case on October 24, 2011 – more than one month after the magistrate judge's deadline and one week after the R&R was filed. (*See* Notice of Appearance, Doc. Entry No. 276.)

The Syntho Defendants object to the R&R on the ground that Syntho's failure to obtain new counsel by the deadline set (and extended) by the magistrate judge was not willful or "the result of [a] lack of belief or interest in [the] case, but was instead the result of [an] extremely difficult financial situation and severe cash flow problems." (LoPresti Decl. ¶ 6, Doc. Entry No. 279; Reply at 2; *see* Malik Decl., Doc. Entry No. 279-1.) Syntho argues that it has "always defended and participated in this case" (LoPresti Decl. ¶ 6), and that entry of default against Syntho for a thirty-eight day delay in retaining counsel is "too harsh a punishment." (Reply at 1.) In light of the Syntho Defendants' objections, the Court considers *de novo* whether Syntho's failure to obtain counsel was willful and whether entry of default is an overly harsh sanction.

For the reasons set forth below, the Syntho Defendants' objections are overruled and the R&R is adopted in its entirety. First, Syntho's non-compliance in this case amounts to much

more than a "thirty-eight day delay in retaining counsel." At a status conference held on March 25, 2011, Syntho's prior counsel, John N. Tasolides, indicated his intent to withdraw as counsel for both Syntho and Syntho's president, Mr. Malik. (3/25/11 Minute Entry). The magistrate judge explicitly put Mr. Malik "on notice that he should now begin searching for new counsel." (3/25/11 Minute Entry). Thus, seven months passed from the time Mr. Malik was put on notice until the Syntho Defendants retained a new lawyer.

Moreover, the Syntho Defendants were warned at least three times that Syntho's failure to appear by counsel would result in the entry of default judgment against it. Specifically, Syntho was so advised on June 29, 2011, when Mr. Tasolides' motion to withdraw as counsel was granted and the magistrate judge gave the Syntho Defendants forty-five days to obtain new counsel. When the Syntho Defendants failed to retain counsel by the deadline and failed to appear without good cause or leave from the Court at a September 22, 2011 conference, the magistrate judge extended the deadline and again warned Syntho that failure to appear by counsel would result in the entry of default. By Order dated October 7, 2011, the magistrate judge advised Syntho for yet a third time that failure to obtain an attorney would result severe sanctions, including the entry of a default judgment.

On October 17, 2011, Magistrate Judge Levy filed the R&R recommending that default judgment be entered against Syntho based on its failure to appear through counsel. Only then, once its hand was forced, did Syntho retain new counsel, who appeared in this case on October 24, 2011. While Syntho argues that it was financially unable to obtain counsel, Syntho does not explain how its financial situation miraculously improved immediately after issuance of the R&R. Nor does Syntho justify its failure to apply for extensions rather than to simply flout Magistrate Judge Levy's clear Orders.

Accordingly, based on Syntho's egregious conduct, the Court finds that Syntho's noncompliance was willful and that entry of a default judgment against it is justified. See *Elgard Corp. v. Brennan Const. Co.*, 248 F. App'x 220, 222 (2d Cir. 2007) (finding that "a court may find a default to have been willful where the conduct of counsel or the litigant was 'egregious and was not satisfactorily explained.'")

## CONCLUSION

Upon due consideration, the objections to the R&R are overruled and the R&R is adopted in full. Accordingly, the Clerk of Court is directed to enter a notation of default against Syntho.

SO ORDERED.

DATED: Brooklyn, New York
　　　　March 25, 2014

____/s/_____
DORA L. IRIZARRY
United States District Judge
